### HORACE WALKER *v.* JOSEPH BARRINGTON.

*Revocation.   Book account.*

The bringing of an action on book account is not, *per se,* a revocation of an author-
ity previously given by the plaintiff to the defendant to pay to a third person cer-
tain items in the plaintiff's account.   If the defendant, after the commencement of
the suit but before the audit, pay such items to a third person in pursuance of an
authority previously given, and not revoked, he should be allowed for such pay-
ment, although he thereby obtains a balance of the account in his favor.

BOOK ACCOUNT.   In the plaintiff's account were charges which
were allowed in his favor, for a shoat, and for a quantity of coal
sold to the defendant.   Items 17 and 18, in the defendants account
were " for cash for pig, paid to Wilbur Barrington," and " for cash
for coal, paid to the same," which the auditor disallowed, subject to
the opinion of the court upon the following facts.

At the time the plaintiff let the defendant have the shoat and
coal, the defendant was to pay for the same to his father Wilbur
Barrington, and so offered to do; but said Wilbur refused to receive it,
for the reason that he thought it would affect certain contracts be-
tween him and the plaintiff.   Said sums were not paid by said de-
fendant to his father until the 15th day of December, 1855, which
was after the commencement of this suit.   The balance reported
in the plaintiff's favor was five dollars and seventy-nine cents.
The items 17 and 18, in the defendant's account, amounted to thir-
teen dollars and thirty-nine cents.

The county court, January Term, 1856,—POLAND, J., presid-
ing,—rendered judgment on the report for the plaintiff for the
above balance reported in his favor.   Exceptions by the defendant.

*G. C. & G. W. Cahoon,* for the defendant,—argued that it was a
part of the contract for the sale of the coal and the pig, that they
were to be paid for to the defendant's father, and that this part of
the contract could not be revoked or rescinded by one party with-
out the consent of the other; that there was never any default in
the defendant in fulfilling the contract, on his part, according to his
agreement; and if otherwise, that it only constituted a breach of a
special contract, for which the action on book would not lie; and
cited 1 Swift's Digest 582; *Miller* v. *French,* 1 Aik. 101; *Smith*
v. *Smith,* 14 Vt. 440; *Bailey* v. *Bailey,* 16 Vt. 656.

*W. Heywood* for the plaintiff.

The commencement of this action was a revocation of all author-ity to pay the price of the coal and shoat to Wilbur Barrington. Wilbur Barrington had no claim on the money, for he had refused it. The right of action, therefore, was always in the plaintiff. Wilbur Barrington never had a cause of action. Shortly before the trial before the auditor, the defendant paid the price of the coal and shoat to Wilbur Barrington, but we contend that this payment cannot avail him.

The plaintiff had a good cause of action when he commenced this suit, and was entitled to a balance on his account, and costs. A payment of the balance of the account would not defeat this suit without a payment of costs also; *Stevens* v. *Briggs,* 14 Vt. 44; *Belknap* v. *Godfry,* 22 Vt. 288 ; *King* v. *Hutchins,* 8 Foster 561.

The fact that Wilbur Barrington was no party to the agreement upon which he was to receive the pay for the coal and shoat, and that he refused to receive the money, makes this case differ from the case of *Keyes* v. *Carpenter,* 3 Vt. 209.

The opinion of the court was delivered by

BENNETT, J.    The only dispute in this case is in relation to items 17 and 18 in the defendant's account. If the defendant is not entitled to recover for these items, the balance on the accounts, as allowed, is for the plaintiff. The auditor finds that at the time the plaintiff let the defendant have the shoat and the coal, it was agreed that the defendant was to pay the amount for the same to the father of the defendant; and that the defendant offered to pay his father, but he at first declined to receive the pay, for reasons assigned in the report; but the case finds, as we understand it, that he did pay his father the two items, on the 15th day of December, 1855, which was after the suit was commenced, but before the audit. It being a part of the agreement, when the shoat and coal were sold to the defendant, that payment should be made for the same to the father of the defendant, it may well be questioned whether it was competant for the plaintiff to countermand the au-thority to pay the amount to the father. But be this as it may, it is quite clear, we think, that the bringing of this suit is not, *per se,* a revocation of the authority; and there is nothing else in the case

to ground such a claim upon. There were running accounts be-
tween these parties, which the action was brought to settle; and
the auditor has not found any revocation, in fact, of the authority
to make payment for these items to the father.

We think, then, the judgment of the county court should be re-
versed, and judgment be rendered, on the report, for the defendant,
allowing to him items 17 and 18, in his account.